Chester INMAN *v.* STATE of Arkansas

CA CR 83-80                    661 S.W.2d 459

Court of Appeals of Arkansas
Division II
Opinion delivered December 14, 1983

*Norman M. Smith,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, a jury convicted the appellant of burglary and sentenced him to 5 years in the Arkansas Department of Correction. From that conviction, comes this appeal.

On appeal, the appellant argues that he was denied his right to counsel, a right guaranteed him under the Sixth Amendment to the United States Constitution. The appellant was charged by information with committing a bur-

glary on September 5, 1981. He was arraigned on October 6, 1981, before the Honorable Randall Williams, Circuit Judge for the Eleventh Judicial Circuit. At his arraignment, the appellant was advised of his right to have an attorney represent him and of his right to have court appointed counsel should he not be able to afford one. Judge Williams noted on the court's docket sheet that the case was "passed to November 3, 1981 at 9:30 to get an attorney." The record also reflects that the defendant appeared before Judge Williams on October 6, 1981 and stated that he would get an attorney. Also, the appellant posted a bond at that time and remained at liberty until his trial.

On February 14, 1982, the day before trial, the appellant appeared before the Honorable Russell Rogers, Circuit Judge for the newly created Eleventh Judicial Circuit-East, and requested that the charges against him be dropped on the ground that he was denied a speedy trial. Judge Rogers found the appellant was being tried within the third term of the court since his being charged, and therefore he was not denied a speedy trial.

Next, the appellant requested the court appoint an attorney to represent him as he was an indigent. Apparently no record was made of the appellant's conversation with the trial judge. On the morning of trial, the trial judge dictated into the record a summary of the previous day's proceedings. Essentially, the trial court made four findings: First, that the appellant had not filed a written request asking that an attorney be appointed for him; second, that, based on the record, the trial court assumed that the appellant had earlier been found not to be an indigent; third, that the appellant was a relatively educated and intelligent 30 year old male who understood the consequences of not having an attorney and who possessed a skilled trade; and fourth, that the appellant had knowingly waived his right to an attorney either by his actions or inactions.

The main thrust of the appellant's argument on appeal is that he was not required to file a written petition seeking counsel and that his oral request for an attorney was sufficient. The appellant's counsel does not mention Rule

18 of the Chancery and Circuit Court Rules, Ark. Stat. Ann. Vol. 3A, which clearly requires a written petition asserting indigency and a supporting affidavit. The appellant has not filed such a petition and affidavit, and therefore we affirm the trial court's refusal to appoint counsel. To this day, there is not a scintilla of evidence in the record which supports the appellant's claim (at the trial court level) that he was indigent. Further, on appeal, the appellant does not assert that he was an indigent and therefore entitled to appointed counsel at his trial. Finally, we note that, within 30 days following his conviction, the appellant obtained counsel to perfect this appeal. By a motion for a new trial, accompanied by an affidavit of indigency and the required affidavit, the trial court could have been afforded the opportunity to correct the situation (which we do not concede constituted error) caused by the appellant's belated claim of indigency.

The appellant correctly states that the right to counsel is guaranteed by the Sixth Amendment to the United States Constitution. We do not believe that Rule 18 of the Chancery and Circuit Court Rules conflicts with the Sixth Amendment, and the appellant's counsel does not argue that it does.

Affirmed.

MAYFIELD, C.J., and GLAZE, J., concur.